IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Javan Fredrick Mays, #250287
*a/k/a Von Frederick Mayes*,
*a/k/a Von Mays*,

                          Plaintiff,

vs.

Brenda Shealy,

                         Defendants.

C/A No. 3:20-cv-02589-JFA

**ORDER**

## I.     INTRODUCTION

Plaintiff Javan Fredrick Mays ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking damages pursuant to 42 U.S.C. § 1983 against Defendant Brenda Shealy, Deputy Clerk of the South Carolina Supreme Court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed his initial complaint on July 10, 2020. (ECF No. 1). On July 16, 2020, Plaintiff was ordered to bring his case into proper form for judicial screening in an order that informed his claims were subject to dismissal as drafted and provided him with fourteen days to file an amended complaint. (ECF No. 8). On August 4, 2020, Plaintiff's amended complaint was entered on the docket. (ECF No. 11). After reviewing the amended

1

complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 14). Within the Report, the Magistrate Judge opines that the Plaintiff's claims are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 14). Thus, the Report recommends that all claims against Defendant Shealy be summarily dismissed with prejudice and without issuance and service of process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on August 20, 2020. (ECF No. 18). Therefore, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action

3

"fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening his lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This lawsuit apparently arose out of the Plaintiff's experience in South Carolina state court. Plaintiff alleges that Defendant Shealy acted outside the scope of her duties as a Deputy Clerk of the South Carolina Supreme Court in signing his order and judgment, intentionally sabotaging Plaintiff's appeal process. The Court is unable to discern a plausible claim against Shealy. As the Magistrate Judge points out in the Report, Defendant

4

Shealy's actions were undertaken as part of the judicial process; therefore, she is entitled to absolute immunity for her actions, and the claims against her should be dismissed. (ECF No. 14). As a result, Plaintiff cannot recover damages or other relief from Defendant Shealy because of her performance of employment duties.

With regard to court personnel, the United States Court of Appeals for the Fourth Circuit has held that law clerks are "entitled to absolute judicial immunity 'when assisting the judge in carrying out the former's judicial functions.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Id.* (citing *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). District courts in South Carolina have also held against claims for damages pursuant to § 1983 under similar conditions. *See Henderson v. Fisher*, No. CV 6:18-1576-HMH-KFM, 2018 WL 3850772, at *2 (D.S.C. June 20, 2018) (case dismissed because "[i]t is well-settled that judges and court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions."); *Cash v. Horn*, No. CV 7:16-3654-MGL-PJG, 2017 WL 4174775, at *2 (D.S.C. Apr. 28, 2017) ("[m]oreover, court personnel, such as clerks of court, may also be immune from damages suits pursuant to § 1983 for actions taken that have an integral relationship with the judicial process").

Because Plaintiff's allegations concern actions taken in Defendant Shealy's capacity as a judicial officer, Defendant Shealy is protected by judicial immunity and the action against her should be summarily dismissed. Additionally, as noted in the Report, although

Plaintiff was given notice and opportunity to file an amended complaint and availed himself thereof, deficiencies remain in the pleadings such that summary dismissal is warranted. Furthermore, Plaintiff has presented no arguments that could be considered a specific objection to the Report. The vast majority of Plaintiff's objections rehash and supplement the allegations in his complaint which the Magistrate addresses fully in his Report. The Court reiterates it need only review those portions of the Report to which Plaintiff has made a specific objection. Plaintiff's "objections" are, for the most part, disagreements with the Magistrate Judge's recommendations. Within these objections, Plaintiff takes issue with the recommendation that the claims against Defendant Shealy be summarily dismissed. However, Plaintiff fails to assert specific factual allegations to support Plaintiff's claims and these objections fail to point to any error in the Report. Accordingly, to the extent that these objections can be construed as specific objections to the Report, they are overruled.

From what the Court has attempted to decipher, Plaintiff attempts to object by stating Defendant Shealy is not entitled to immunity. Plaintiff reiterates that he was deprived of appellate review of his petition for writ of certiorari because the order denying his writ from the State Supreme Court was signed by the Supreme Court's Deputy Clerk rather than a judge.[2] The gravamen of Plaintiff's grievance pertains to a procedural decision of the State Supreme Court to authorize its Deputy Clerk to sign orders of dismissal which is not cognizable for this Court's review. Although Plaintiff states that Defendant Shealy

---

[2] The Supreme Court of South Carolina issued an order on October 10, 2018, denying Plaintiff's petition for writ of certiorari signed by Defendant Shealy.

6

does not have immunity, he simply rehashes arguments made in his complaint and does not direct the Court to a specific error in the Magistrate's Report. Again, general and conclusory objections that do not direct the Court to a specific error in the Magistrate's Report are not specific objections and do not warrant *de novo* review.

In his objections, Plaintiff cites to legal authorities without providing the Court with facts to connect the authorities to the present case. (ECF No. 18). Plaintiff's paragraph of citations to legal authorities, with no explanation, does not constitute a specific objection. In sum, repetitions of prior arguments the Magistrate Judge has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Thus, Plaintiff's objections are not specific and do not warrant *de novo* review.

**IV.     CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 14). The claims against Defendant Shealy are dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

December 17, 2020                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge

8